### WINES v. COBB REAL ESTATE CO.

(Circuit Court, D. Oregon. February 9, 1904.)

No. 2,787

1. JURISDICTION OF FEDERAL COURTS—AMOUNT IN DISPUTE—ACTION FOR DAMAGES.

A complaint alleging that plaintiff employed defendant to locate him on a half section of government land, which he entered under the homestead and timber acts, for which service he paid defendant $200, and seeking to recover damages for false and fraudulent representations as to the quantity and quality of timber on such land, does not state a cause of action for the recovery of damages beyond the amount paid defendant, if there can be any recovery, and the action is not within the jurisdiction of a federal court, although the damages are laid in a sum exceeding the jurisdictional amount.

Action at Law for Damages. On demurrer to complaint.

Albert Abraham, for plaintiff.
Dexter Rice, for defendant.

BELLINGER, District Judge. The defendant is a corporation engaged in the business of locating applicants for timber and homestead claims upon the public lands of the United States. It is alleged that in 1903 the defendant agreed to locate plaintiff upon a half section of public land, 160 acres of which was to be entered as a timber claim, and the residue as a homestead. The consideration of the defendant's

¶ 1. Jurisdiction of Circuit Courts as determined by the amount in controversy, see notes to Auer v. Lombard, 9 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.

services was to be $200, which sum was paid by plaintiff. The action is to recover damages in the sum of $3,000, because of the alleged false and fraudulent representation of the defendant that the south half of the section so to be located as aforesaid would cruise 7,500,000 feet of good first-class, merchantable timber. It is alleged that by reason of such representations the plaintiff was induced to enter the said land, 160 acres as a homestead and the remainder as a timber claim. It is alleged that the representations made by the defendant were false and fraudulently made; that said land will not cruise more than 2,000,000 feet, but a small percentage of which is merchantable—all of which facts the defendant at the time well knew. It is alleged that by the location made by plaintiff he has exhausted his homestead and timber rights; the presumption being, from the allegation, that the damages claimed are because of the loss of these rights.

The defendant demurs to the complaint upon the ground that the amount in controversy is not sufficient to give this court jurisdiction.

It does not appear that other lands of better quality were available to the plaintiff for location as homestead and timber lands, nor is there any other way of determining the value of the homestead and timber rights which plaintiff claims have been sacrificed by the alleged false and fraudulent representations. I am of the opinion that there cannot legally be a judgment in this case for an amount necessary to the jurisdiction of the court, notwithstanding the allegation of the plaintiff as to the amount of damages sustained. It is doubtful, in view of the fact that the rules of the land department require a personal examination of the land taken for timber or agricultural purposes by the applicant, whether there can be any recovery upon the ground of misrepresentation by an agent as to the character of the land—whether in such a case a party can be allowed to say that he relied upon the representations of another as to the character of the land located. No opinion, however, is expressed upon this point. The amount for which recovery can be had, if there can be recovery at all, is the amount paid by the plaintiff to the defendant for the purpose of securing the locations in question.

The demurrer to the complaint is sustained.